**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JULY 1997 SESSION**

**FILED**

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JOHN L. GOODWIN, III,** | ) | |
| | ) | **C.C.A. NO. 01C01-9608-CR-00337** |
| Appellant, | ) | |
| | ) | **SUMNER COUNTY** |
| VS. | ) | |
| | ) | **HON. JANE WHEATCRAFT,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Writ of error coram nobis) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN L. GOODWIN, III, pro se**          **JOHN KNOX WALKUP**
S.T.S.R.C.F. Unit 12                      Attorney General & Reporter
Route 4, Box 600
Pikeville, TN   37367                     **EUGENE J. HONEA**
                                          Asst. Attorney General
                                          450 James Robertson Pkwy.
                                          Nashville, TN  37243-0493

                                          **LAWRENCE RAY WHITLEY**
                                          District Attorney General

                                          **DEE GAY**
                                          Asst. District Attorney General
                                          133 West Main St.
                                          Gallatin, TN   37066

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The petitioner was convicted on December 12, 1989, of second-degree burglary and assault with intent to rape. No appeal was taken. Upon his petition for post-conviction relief and appeal from the trial court's dismissal thereof, he was granted a delayed direct appeal from his convictions and sentences by this Court on November 12, 1992. On April 20, 1995, this Court affirmed his convictions and remanded for resentencing. Following the petitioner's appeal of his new sentences, this Court affirmed on July 23, 1997. On June 4, 1996, the petitioner filed his "Application for Coram Nobis and/or in the Alternative to Reopen Original Post-Conviction Petition." On June 12, 1996, the court below dismissed this pleading without a filed response from the State or a hearing. The petitioner now appeals.

We affirm. Petitions for writ of error coram nobis must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103 (Repl. 1980). See also T.C.A. § 40-26-105 (Repl. 1990). In this matter, the defendant's judgment of convictions became final on April 20, 1995. Since his petition attacks only his convictions, the petitioner's application is time-barred. This issue is without merit.

The petitioner requests in the alternative that his pleading be considered a motion to reopen his original petition for post-conviction relief. Motions to reopen post-conviction petitions may be granted only under very limited grounds. See T.C.A. § 40-30-217(a) (Supp. 1996). The instant pleading does not set forth any of these grounds. Accordingly, denial is proper.

2

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
WILLIAM M. BARKER, Judge

_____
JERRY L. SMITH, Judge